Order Entered.

David L. Bissett
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT GAYLE RIFFLE, JR., | ) | Case No. 1:20-bk-00280 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| MARK FULLEN and | ) | |
| JENNIFER FULLEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | AP No. 1:20-ap-00031 |
| | ) | |
| ROBERT GAYLE RIFFLE, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Robert Gayle Riffle, Jr. (the "Debtor") seeks judgment on the pleadings regarding the complaint filed against him by Mark and Jennifer Fullen (the "Plaintiffs"). Specifically, the Debtor contends that the Plaintiffs' requested relief, except for the allegations in paragraph 12 of the complaint, relate to debts for which he is not liable. The Debtor thus asserts that he is entitled to judgment on all the allegations except for those relating to paragraph 12. In response, the Plaintiffs argue that the court should deny the Debtor's motion. Specifically, they contend that they are creditors of the Debtor personally because he fraudulently obtained money from them while acting as the owner of Premier Construction Services, LLC ("Premier"). Moreover, they contend that genuine disputes of material fact remain unsettled such that the court should deny the Debtor's motion and give them an opportunity to pierce the corporate veil of Premier to make the Debtor personally liable.

1

For the reasons stated herein, the court will grant the Debtor's motion for judgment on the pleadings with the exception of those allegations contain in paragraph 12 of the complaint.

## I.    BACKGROUND

The Debtor is the sole owner and member of Premier, a non-debtor entity.  On April 11, 2018, the Plaintiffs contracted with Premier to construct their home for a total of $345,000.00. Due to Premier's corporate status, the Debtor signed the contract on the company's behalf.  On several occasions during the construction period, the Debtor, seemingly acting on Premier's behalf, expressed to the Plaintiffs that Premier would pay all creditors related to the home's construction. For example, on July 23, 2019, the Debtor signed an Affidavit of Original Contractor, in which he verified that he paid in full all labor, work performed, and materials furnished by himself and all subcontractors, materialmen, and other laborers, except for a claim of Premier for a total of $4,731.56.  On July 24, 2019, the Debtor also sent a text message to the Plaintiffs claiming that "[invoices] will be paid."

However, certain construction suppliers and subcontractors never received payment from Premier, or the Debtor for that matter.  For example, liabilities accumulated to O.C. Cluss for a total of $6,741.57, A&M Homes for a total of $6,800.00, Five Star Painting for a total of $6,200.00, and ABC Supply for a total of $4,849.71.  O.C. Cluss placed a mechanic's lien on the Plaintiffs' property, Debtor's business, and the Plaintiffs' bank.  The Plaintiffs ultimately paid off the lien as well as the outstanding balances owed to A&M Homes and Five Star Painting.

On August 28, 2019, the Plaintiffs filed a civil complaint against the Debtor in the Magistrate Court of Marion County, West Virginia based on a breach of contract.  Specifically, the complaint requested relief in the amount of $9,441.57.[1]  On October 28, 2019, the Plaintiffs obtained a judgment against "Robert Riffle dba Premier Construction Services, LLC" for a total of $8,241.57 plus court costs in the amount of $95.00 and interest at the rate of 5.50% per year (the "October 28 Judgment").[2]  On November 12, 2019, the Plaintiffs also obtained a Civil Abstract of Judgment against "Robert Riffle dba Premier Construction Services, LLC" in the same amount.

---

[1] In particular, the Plaintiffs requested $6,741.57 for construction materials provided by O.C. Cluss, $2,200 for legal expenses, and $500 for bank fees.

[2] The Debtor admits that the Plaintiffs obtained the judgment against him personally because he was not represented by counsel and he can no longer appeal the judgment.

On March 30, 2020, the Debtor filed his Chapter 7 voluntary petition.  On July 13, 2020, acting pro se, the Plaintiffs filed their proof of claim #7 against the Debtor for a total of $8,936.24 based on the Civil Abstract of Judgment.  On the same date, the Plaintiffs filed their complaint initiating this adversary proceeding seeking to find the Debtor liable for two counts of fraud, and to except their claim from the Debtor's discharge.  Notably, however, the Plaintiffs' claim in this adversary proceeding differs from their proof of claim in that they seek relief in the amount of $6,741.57 for Count I and $17,849.71 for Count II, in addition to relief under 11 U.S.C. § 523(a)(2) and (a)(6).

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. ("Rule") 12(c), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b), provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Rule 12(c) motions are subject to the same legal standards applied to motions made under Rule 12(b)(6). *Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).  The party moving for dismissal has the burden of showing that no claim for which relief can be granted has been stated. 2 *Moore's Federal Practice* § 12.34 (Matthew Bender 3d Ed.).

In adjudicating a motion for judgment on the pleadings, a court evaluates whether the pleadings state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).  In doing so, a court must construe the facts in the light most favorable to the non-movant and "draw all reasonable inferences in [the non-movant's] favor." *Oberg*, 745 F.3d at 136.  The court, however, need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "credit allegations that offer only naked assertions devoid of further factual enhancement . . . ." *Id.*

## III.    DISCUSSION

The Debtor argues that the court must grant him judgment because he is not the proper party to the Plaintiffs' allegations, except those in paragraph 12 of the Plaintiffs' complaint. Specifically, he argues that the claim alleged by the Plaintiffs cannot be alleged against him, except for the October 28 Judgment and their non-dischargeability claim related thereto.  Therefore, the

3

he contends that the Plaintiffs cannot proceed otherwise in this adversary proceeding.  Notably, it does not appear that the Plaintiffs included the October 28 Judgment in either count of their complaint.

In response, the Plaintiffs argue that the court should deny judgment on the pleadings. Specifically, they appear to argue that they stated a claim upon which relief can be granted and that material facts remain in dispute so that judgment on the pleadings is imprudent.  Particularly, they claim that the Debtor committed fraud, that the Debtor and Premier are one and the same, the Debtor abused the limited liability company form, and that Premier is merely an alter ego of the Debtor, thus requiring a piercing of the corporate veil.  The Plaintiffs therefore seek judgment on their claims and a determination of non-dischargeability.

Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor to preserve the debtor's fresh start. *Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008).  The burden is on the creditor to prove the exception to discharge by a preponderance of the evidence. *Id*. at 497.

As part of their complaint, the pro se Plaintiffs appear to seek relief under § 523(a)(2) and (a)(6) of the Bankruptcy Code in order to exempt the alleged debt from the Debtor's discharge, as well as two counts for fraud.[3]  "[F]ederal courts generally interpret pro se documents liberally and afford greater latitude as a matter of judicial discretion." *In re Mungo*, 305 B.R. 762, 769 (Bankr. D.S.C. 2003).  Under a liberal interpretation of the Plaintiff's complaint, the court will construe the complaint as one with three counts; specifically, a count to hold the October 28 Judgment as non-dischargeable[4] and two counts for fraud and the non-dischargeability of any associated debt related thereto as stated in the complaint.

Notably, § 523(c)(1) provides that "the debtor shall be discharged from a debt of a kind specified in paragraph (2) . . . or (6) of subsection (a) of this section, unless, *on request of the creditor to whom such debt is owed*, . . . the court determines such debt [is] to be excepted from discharge . . . ." 11 U.S.C. § 523(c)(1) (emphasis added).  Notably, the term "creditor" is defined

---

[3] The Plaintiffs included in their complaint an allegation under § 523(a)(6) of the Bankruptcy Code alleging willful and malicious injury.  However, it appears to the court that the essence of their complaint is only under § 523(a)(2).

[4] By their complaint, the Plaintiffs claim that they obtained a judgment in the amount of $8,241.57.  In addition, they requested relief pursuant to 11 U.S.C. § 523(a)(2) or alternatively (a)(6).  The Debtor does not contest the Plaintiffs' ability to move forward with a non-dischargeability action as it relates to the October 28 Judgment.  Therefore, the court interprets the complaint to include this additional count.

in the Bankruptcy Code as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A).  A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A)-(B).  Thus, a plaintiff does not have standing to object to dischargeability of a debt unless the debt is to her. *Smith v. Smith (In re Smith)*, 489 B.R. 875, 891 (Bankr. M.D. Ga. 2013).

As it relates to the non-dischargeability of the October 28 Judgment, it is undisputed that the Plaintiffs are creditors of the Debtor because of the judgment and corresponding proof of claim. The Debtor admits that the Plaintiffs obtained this judgment against him personally in the state court despite the factual issues surrounding the basis of the judgment.[5]  The judgment is a right to payment against the Debtor that arose before the court entered the order of relief.  Ultimately, the Plaintiffs are creditors of the Debtor and have standing to bring their non-dischargeability action with respect to the October 28 Judgment and proof of claim.  As aforementioned, the court interprets paragraph 12 and the request for relief as an additional count alleged in the complaint.

The court agrees with the Debtor, however, that the remaining allegations in the complaint concern debts for which the Plaintiffs are not creditors.  Specifically, the Plaintiffs appear to allege two counts of fraud based on debt seemingly owed by Premier, not the Debtor.  Particularly, in Count I, the Plaintiffs seek damages in the amount of $6,741.57.  In Count II, they also seek damages in the amount of $17,849.71.  It also appears that they seek to hold both amounts as exempt from discharge.  Those amounts, however, are not owed by the Debtor by virtue of the October 28 Judgment.  Although the Plaintiff obtained the judgment against the Debtor personally, the record does not support the additional allegations in Counts I or II.  Because the Plaintiffs contracted with Premier, a separate and district legal entity, to construct their home, any claim they possess is against the company.  At best, the Plaintiffs may have an unliquidated, contingent, and, likely, disputed claim against Premier.  Notably, however, Premier is not a debtor in bankruptcy. The Plaintiffs may also have claim against both Premier and the Debtor if they seek to pierce the corporate veil of Premier.  However, the Plaintiffs did not plead that action in the complaint, thus it is not before the court.  Moreover, the record does not indicate that such an action is before a

---

[5] The Plaintiffs sued the Debtor in his personal capacity, despite contracting with Premier.  Whether the Debtor was the correct party to the state court litigation is beyond the purview of this court.

court of competent jurisdiction.  Therefore, no claim for which relief can be granted has been stated in Count I or II.[6]

## IV.    CONCLUSION

Based upon the foregoing discussion, the court will grant the Debtor's motion for judgment on the pleadings as they relate to Counts I and II in the complaint.  The Plaintiffs, however, may continue in this proceeding to exempt the October 28 Judgment from the Debtor's discharge. Pursuant to Rule 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting the Debtor's motion.

---

[6] Despite their argument in response to the Debtor's motion, the Plaintiffs failed to plead an action against Premier, a non-debtor entity, and to pierce the corporate veil in that regard to make the Debtor liable.